MEMO ENDORSE  MEMO ENDORSED

THE CITY OF NEW YORK

ZACHARY W. CARTER  
Corporation Counsel

# LAW DEPARTMENT
100 CHURCH STREET  
NEW YORK, NY 10007

JENNY WENG  
Senior Counsel  
phone: (212) 356-2648  
fax: (212) 356-3509  
email: jwong@law.nyc.gov

June 4, 2015

**BY ECF and FAX**  
Honorable Naomi R. Buchwald  
United States District Judge  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, NY 10007

USDC SDNY  
DOCUMENT  
ELECTRONICALLY FILED  
DOC #:  
06/08/2015

Re: Tommy Simmon v. City of New York et al., 15 CV 3489 (NRB)

Your Honor:

I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced matter. I write jointly with plaintiff's counsel, Kaitlin F. Nares, to request a stay in this matter as Ms. Nares has informed the undersigned that the Bronx District Attorney's Office and the Inspector General's Office have open investigations regarding the incident underlying the complaint. Therefore, for the reasons set forth below, Defendant City respectfully requests that the Court stay this action pending resolution of both investigations. Plaintiff's counsel, Kaitlin F. Nares, Esq., joins in this request.

There are several reasons defendant City believes a stay is the most efficient manner to proceed in this action. As the Court is aware, N.Y. Gen. Mun. L. § 50-k obliges the Corporation Counsel to reach a conclusion as to whether an employee acted within the scope of his employment at the time of the underlying incident in order to assume that employee's representation. Specifically, N.Y. Gen. Mun. L. § 50-(k)(2) requires this office to determine whether the individual employee "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." Id.; see also Mercurio v. City of N.Y., 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting Williams v. City of N.Y., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (stating that the decision to represent individual defendants is made by the Corporation Counsel as set forth in state law)). Here, the findings of the Bronx DA's Office and the IG's Office may influence such representational decisions, since they are investigating whether the

officers violated any DOC rules or regulations. Moreover, our office's ability to meet with or interview the officers is restricted during the pendency of the Bronx DA and IG investigations because of the potential that a conflict of interest may arise between them and the City. At the very least, the limitation on this office's ability to contact the officers involved in the alleged incident significantly hampers our efforts to gather facts and assess the case for our defense in this action.

Furthermore, from a practical perspective, should a stay be denied and this action proceeds concurrently with the Bronx DA and IG investigations, the parties will spend significant resources duplicating the efforts currently being undertaken by the Bronx DA's Office and the IG's Office including retrieving DOC documents and speaking to witnesses. When these investigations are concluded, that information already will have been compiled and summarized, which should allow the parties to streamline paper and deposition discovery in this case. Defendant City can neither adequately evaluate the case, nor mount a defense in this action without first having access to this information. See i.e., Heth & Jed Community Rockers, et al., v. City of New York, et al., 12-CV-1080 (S.D.N.Y., Docket Entry No. 6, Apr. 12, 2012) (PAE).

For the reasons set forth above, it is respectfully jointly requested that the Court grant a stay of the instant litigation until the conclusion of the Bronx District Attorney's Office and the Inspector General's Office investigations. Should the Court grant the requested stay, defense counsel is prepared to file a status letter, at the convenience of the Court, regarding the progress of both investigations.

Thank you for your consideration in this regard.

Respectfully submitted,

/s/

Jenny Weng
Senior Counsel
Special Federal Litigation Division

*[Handwritten memo endorsement in right margin:]* MEMO ENDORSED

*[Handwritten endorsement:]* Application for a stay is granted. The parties are to report on the status of the investigations every sixty (60) days. So Ordered. [signature] USDJ 6/8/15

cc: Kaitlin F. Nares, Esq. (by ECF)
*Attorney for Plaintiff*

- 2 -